**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEX-LAZ WARNER ROBINS LLC, LEXINGTON PROPERTY MANAGEMENT LLC, KELSIE ANDREWS, and SAMANTHA JACKSON, individually and as natural guardian of AMARIO JACKSON,<br><br>Defendants. | Civil Action No. 1:26-cv-3152-TWT |

**DEFENDANTS LEX-LAZ WARNER ROBINS LLC AND LEXINGTON PROPERTY MANAGEMENT LLC'S MOTION TO DISMISS**

Cameron B. Roberts
Georgia Bar No. 599839
Annie M. Boring
Georgia Bar No. 209732
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
croberts@caplancobb.com
aboring@caplancobb.com

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*

Defendants Lex-Laz Warner Robins LLC ("Lex-Laz") and Lexington Property Management LLC ("LPM" and, together with Lex-Laz, the "Lexington Defendants") move to dismiss Plaintiff Kinsale Insurance Company's ("Kinsale") complaint ("Complaint"), dkt. 1, under Federal Rule of Civil Procedure 12(b)(1).

## INTRODUCTION

The Court lacks diversity jurisdiction over this action. Kinsale claims that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1). But to establish the citizenship of an LLC or limited partnership, a party must allege the citizenship of each member and partner—tracing citizenship through every layer of ownership. The Complaint fails to allege the citizenship of Defendant Lex-Laz's members and thus fails to establish complete diversity.

This is not a defect Kinsale can fix by amendment. Within Defendant Lex-Laz's ownership chain is Eastham Capital Fund VI, LP, a private equity fund comprising general and limited partners (the fund's investors) that is not owned or controlled by the Lexington Defendants. *See* Ex. A, Declaration of Kevin Hoagland ¶¶ 14–16.[1] Because Lex-Laz has no visibility into Eastham Capital Fund VI, LP's ownership structure, no party to this case—not Kinsale and not Lex-

1 When evaluating a motion to dismiss under Rule 12(b)(1), the Court may consider record evidence. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) ("[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.") (citation omitted).

Laz—can identify the citizenship of Eastham Capital Fund VI, LP's partners. *Id*. One of those partners could be a citizen of Arkansas or Virginia, which would destroy diversity.

Because the Complaint does not establish Lex-Laz's full citizenship, the Court cannot verify that complete diversity exists. This case must be dismissed.

## BACKGROUND

Kinsale filed this action seeking a declaration that it owes no duty to defend or indemnify the Lexington Defendants in an underlying state-court lawsuit arising from a shooting at a Warner Robins, Georgia apartment property. Dkt. 1 ¶¶ 1, 3, 34–41. The Complaint alleges that the Court has subject-matter jurisdiction because there is complete diversity. *Id*. ¶ 15. As relevant here, the Complaint alleges that Kinsale is a citizen of Arkansas and Virginia and that Lex-Laz is a citizen of Connecticut, South Carolina, and Florida. Dkt. 1 ¶¶ 4, 6.[2]

The latter allegation is incorrect. To determine Lex-Laz's full citizenship, the Lexington Defendants have gathered all relevant information within their possession. *See generally* Ex. A, Hoagland Decl. Although that investigation has established that Lex-Laz is *at least* a citizen of Connecticut, South Carolina,

---

2 The Complaint also alleges that LPM is a citizen of Connecticut and South Carolina. Dkt. 1 ¶ 8. That is incorrect: LPM is a citizen of Connecticut and Florida. *See* Ex. A, Hoagland Decl. ¶ 3.

Massachusetts, Florida, Maryland, and New Hampshire, *its full citizenship is unknown*. *Id.* ¶¶ 14–16.

As is common in the real-estate industry, an investment fund, Eastham Capital Fund VI, LP, invested in Lex-Laz. *Id.* ¶ 14; *accord* Dkt. 1 ¶ 6. Eastham Capital is a "private equity real estate firm based in South Florida," which operates Eastham Capital Fund VI, LP. *Eastham Capital*, *About Us* (https://easthamcapital.com/about-us/); *Eastham Capital*, *Eastham Capital Portfolio* (https://easthamcapital.com/portfolio/?e-filter-c9e3dad-portfolio_categories=fund-vi). Like most private equity funds, Eastham Capital Fund VI, LP is organized as a limited partnership, likely consisting of a general partner owned by Eastham Capital and limited partners who are outside investors in the fund. *See Nat'l Ass'n of Priv. Fund Managers v. Sec. & Exch. Comm'n*, 103 F.4th 1097, 1102 (5th Cir. 2024) (describing the typical private fund structure).

Under the citizenship rules, Eastham Capital Fund VI, LP's citizenship depends on the citizenship of its general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). That means that Lex-Laz's citizenship also depends on the citizenship of those partners. But the Lexington Defendants cannot determine the citizenship of Eastham Capital Fund VI, LP's partners. *See* Ex. A, Hoagland Decl. ¶¶ 15–16. One of them could be a citizen of Arkansas or Virginia, which would destroy diversity jurisdiction.

## ARGUMENT AND CITATION TO AUTHORITIES

The Complaint should be dismissed because it fails to sufficiently allege the citizenship of Defendant Lex-Laz.[3] Nor could it, since no party possesses information necessary to determine the citizenship of Eastham Capital Fund VI, LP, one of the entities in Lex-Laz's ownership chain.

"To sufficiently allege the citizenship[] of" Lex-Laz, the Complaint "must list the citizenship" of all its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). So the Complaint had to trace the citizenship of each LLC and limited partnership within Lex-Laz's ownership chain. *E.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Since "it is common for an LLC to be a member of another LLC," the "citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Id.* This is one of those cases where "the citizenship inquiry can balloon at each step." *J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, 100 F.4th 1340, 1344 (11th Cir. 2024).

---

[3] As the plaintiff, Kinsale must establish subject-matter jurisdiction. *King v. Cessna Aircraft Co*., 505 F.3d 1160, 1171 (11th Cir. 2007). Diversity under 28 U.S.C. § 1332(a)(1) is the only basis for jurisdiction asserted in the Complaint. Dkt. 1 ¶ 15. Section 1332(a)(1) requires complete diversity—every plaintiff must be a citizen of a different state than every defendant. *Travaglio v. Am. Exp. Co.,* 735 F.3d 1266, 1268 (11th Cir. 2013).

The Complaint fails to do the required tracing. It alleges "upon information and belief" that Lex-Laz has one member, Warner Robins Investors, LP, which in turn has three partners: (1) Eastham Capital Fund VI, LP; (2) Lexington Warner Robins Partners, LLC; and (3) Lexington Warner Robins Investors, LLC. Dkt. 1 ¶ 6. But it did not separately trace the citizenship of each of those three partners. It merely alleges—again "upon information and belief"—that "the individual partners and/or members of [all three of] these limited partnerships/companies" are five individuals who are collectively citizens of Connecticut, South Carolina, and Florida. *Id*.

This type of pleading is insufficient. First, and briefly, Kinsale cannot plead citizenship based on its "information and belief." For example, in *Endurance American Specialty Insurance Co. v. Morris Hardwick Schneider, LLC*, the plaintiff alleged "upon information and belief" that an LLC defendant had a single member. No. 1:16-CV-01375-ELR, 2018 WL 8949294, at *2 (N.D. Ga. Aug. 27, 2018) (Ross, J.). The court, however, found that alleging an LLC's members "upon information and belief" was "insufficient to establish [the defendant's] citizenship, and thus, insufficient to establish diversity." *Id.; see also Great Am. Assurance Co. v. Stover,* No. 1:20-CV-2635-MHC, 2020 WL 8093342, at *1 (N.D. Ga. June 24, 2020) (Cohen, J.) ("In addition, alleging the members of a limited liability company 'upon information and belief,' as Plaintiff does for HOM, is also

insufficient.”); *Texas Insurance Co. v. Mims*, *et al*., 1:25-CV-3736-ELR, dkt. 39 at 5–6 (N.D. Ga. Oct. 27, 2025) (“[A]llegations regarding the members or partners of unincorporated entities based ‘upon information and belief’ are ‘insufficient to establish a party’s citizenship, and thus, insufficient to establish diversity.’”) (citation omitted).

The more significant problem is that the Complaint pleads the citizenship of the entities (like Eastham Capital Fund VI, LP) collectively, rather than tracing the citizenship of each one separately. That collective pleading attempts to mask the core problem with complete diversity in this case: the citizenship of Eastham Capital Fund VI, LP *is not alleged* and is not known to *any party*. Eastham Capital Fund VI, LP is a private equity fund comprising general and limited partners that is not owned or controlled by the Lexington Defendants. *See supra* at 3. The Lexington Defendants do not know Eastham Capital Fund VI, LP’s limited partners—the investors in that fund—and cannot determine those limited partners’ citizenship. *See* Ex. A, Hoagland Decl. ¶¶ 14–16; *see Carden*, 494 U.S. at 195 (a limited partnership is citizen of every state in which its partners—whether limited or general—are citizens). By extension, the Lexington Defendants cannot determine the full citizenship of Defendant Lex-Laz. *Id*. ¶ 16. And one of Eastham Capital Fund VI, LP’s general or limited partners could be a citizen of Virginia or Arkansas, which would destroy complete diversity.

Because Kinsale never separately traces the citizenship of Eastham Capital Fund VI, LP,[4] the Complaint fails to allege the citizenship of each embedded entity—and so fails to allege the citizenship of Lex-Laz itself. *See Rolling Greens,* 374 F.3d at 1022 (where party fails to allege citizenship of all members and all partners, it fails to carry its burden of establishing diversity of citizenship). Thus, the Complaint does not allege the full citizenship of Lex-Laz, and Lex-Laz's full citizenship is not known by any party, and the Court is "constitutionally obligated to dismiss the action." *Travaglio,* 735 F.3d at 1268; *see United States v. Salmona,* 810 F.3d 806, 810 (11th Cir. 2016) ("Without subject matter jurisdiction, a court has no power to decide anything except that it lacks jurisdiction.").

## **CONCLUSION**

For the reasons above, the Court should dismiss this action for lack of subject-matter jurisdiction under Rule 12(b)(1).

[signature on following page]

---

4 For that matter, the Complaint's tracing was also deficient for Lexington Warner Robins Partners, LLC and Lexington Warner Robins Investors, LLC. But except for Eastham Capital Fund VI, LP, the Lexington Defendants managed to do the tracing themselves. *See* Ex. A, Hoagland Decl. ¶¶ 4–12.

Respectfully submitted this 20th day of July, 2026.

*/s/ Cameron B. Roberts*
Cameron B. Roberts
Georgia Bar No. 599839
Annie M. Boring
Georgia Bar No. 209732
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
croberts@caplancobb.com
aboring@caplancobb.com

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*

**LOCAL RULE 7.1(D) CERTIFICATE**

The undersigned hereby certifies that the foregoing document has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1(C).

This 20th day of July, 2026.

*/s/ Cameron B. Roberts*
Cameron B. Roberts
Georgia Bar No. 599839

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 20th day of July, 2026.

*/s/ Cameron B. Roberts*
Cameron B. Roberts
Georgia Bar No. 599839

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*