# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEX-LAZ WARNER ROBINS LLC, LEXINGTON PROPERTY MANAGEMENT LLC, KELSIE ANDREWS, and SAMANTHA JACKSON, individually and as natural guardian of AMARIO JACKSON,<br><br>Defendants. | Civil Action No. 1:26-cv-3152-TWT |

**DECLARATION OF KEVIN HOAGLAND**

I, Kevin Hoagland, give the following testimony based on my personal knowledge and belief. This Declaration is offered in support of the Motion to Dismiss filed by Lex-Laz Warner Robins LLC ("Lex-Laz") and Lexington Property Management LLC ("LPM" and, together with Lex-Laz, the "Lexington Defendants").

1. My name is Kevin Hoagland. I am over the age of 18 and am competent to testify.

2. I am the Chief Financial Officer of LPM.

**Defendant LPM:**

3. Defendant LPM is a limited liability company. It has three members: (1) Alan Lazowski, a citizen of Connecticut; (2) Christopher Reilly, a citizen of Connecticut; and (3) Francisco Borges, a citizen of Florida. Lexington is therefore a citizen of Connecticut and Florida.

**Defendant Lex-Laz:**

4. Defendant Lex-Laz is a Delaware limited liability company. It has one member: Warner Robins Investors, LP.

5. Warner Robins Investors, LP is a Delaware limited partnership. Warner Robins Investors, LP has three partners: (1) Lexington Warner Robins Partners, LLC; (2) Lexington Warner Robins Investors, LLC; and (3) Eastham Capital Fund VI, LP.

6. Partner 1: Lexington Warner Robins Partners, LLC is a Connecticut limited liability company with five members: (1) Alan Lazowski, a citizen of Connecticut; (2) Christopher Reilly, a citizen of Connecticut; and (3) Mark Consoli, a citizen of South Carolina; (4) Joe Beaudoin, a citizen of Massachusetts; and (5) the estate of Martin J. Kenny, who is deceased but was a citizen of Connecticut.

7. As to Martin J. Kenny, the legal representative of the estate of a decedent shall be deemed to be a citizen "only of the same State of the decedent."

28 U.S.C. § 1332(c)(2). The estate of Martin J. Kenny is therefore a citizen of Connecticut.

8. Partner 1: Lexington Warner Robins Partners, LLC is therefore a citizen of Connecticut, South Carolina, and Massachusetts.

9. Partner 2: Lexington Warner Robins Investors, LLC is a Connecticut limited liability company with eleven members: (1) Lexington Warner Robins Partners, LLC, a citizen of Connecticut, South Carolina, and Massachusetts, *see supra* ¶ 8; (2) Alan Lazowski, a citizen of Connecticut; (3) the estate of Martin J. Kenny, who is deceased but was a citizen of Connecticut; (4) Mark Consoli, a citizen of South Carolina; (5–10) six individuals who are citizens of Connecticut, Florida, and Maryland; (11) a traditional trust with a trustee who is a citizen of New Hampshire.

10. The Lexington Defendants are aware of the identities of the six unnamed individuals and know their citizenship to be Connecticut, Florida, and Maryland. Due to privacy concerns, the Lexington Defendants have not included their names in this filing. If it would be helpful to the Court, the Lexington Defendants can provide those names *in camera* or in a sealed filing.

11. To the best of the Lexington Defendants' knowledge, the eleventh member—the traditional trust—has a trustee that is a citizen of New Hampshire, and therefore the trust is a citizen of New Hampshire. *See Alliant Tax Credit 31*,

*Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its *trustee*.") (emphasis in original). If it would be helpful to the Court, the Lexington Defendants can provide the name of the trust and identity of the trustee *in camera* or in a sealed filing.

12. Partner 2: Lexington Warner Robins Investors, LLC is therefore a citizen of Connecticut, South Carolina, Massachusetts, Florida, Maryland, and New Hampshire.

13. Partner 3: Eastham Capital Fund VI, LP is a Delaware limited partnership.

14. Eastham Capital Fund VI, LP is a private equity fund run by Eastham Capital. The Lexington Defendants do not own or control Eastham Capital or Eastham Capital Fund VI, LP. Further, while the Lexington Defendants are aware that the general partner of Eastham Capital Fund VI, LP is Eastham Capital VI, LLC, the Lexington Defendants are not aware of all of the members of Eastham Capital IV, LLC. The Lexington Defendants are also not aware of the identities of the limited partners of Eastham Capital Fund VI, LP.

15. Partner 3: The Lexington Defendants therefore do not know the citizenship of Eastham Capital Fund VI, LP.

16. The Lexington Defendants have attempted to determine the citizenship of Lex-Laz. But because the Lexington Defendants do not own or

control Eastham Capital Fund VI, LP, they cannot determine the citizenship of Eastham Capital Fund VI, LP—and thus cannot determine the full citizenship of Lex-Laz.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of July, 2026.

Kevin Hoagland

Kevin Hoagland