**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.: 1:26-cv-3152-TWT |
| v. | |
| LEX-LAZ WARNER ROBINS LLC, LEXINGTON PROPERTY MANAGEMENT LLC, KELSIE ANDREWS, and SAMANTHA JACKSON, individually and as natural guardian of AMARIO JACKSON, | Underlying Lawsuit Case No: 25-C-10116-S4 |
| Defendants. | |

**<u>KINSALE INSURANCE COMPANY'S RESPONSE TO LEX-LAZ WARNER ROBINS LLC'S AND LEXINGTON PROPERTY MANAGEMENT LLC'S MOTION TO DISMISS AND REQUEST FOR LEAVE TO PURSUE LIMITED JURISDICTIONAL DISCOVERY</u>**

Plaintiff Kinsale Insurance Company ("Kinsale"), hereby and through its undersigned attorneys, files its response to Lex-Laz Warner Robins LLC's ("Lex-Laz") and Lexington Property Management's ("LPM" and, collectively with Lex-Laz, the "Lexington Defendants") Motion to Dismiss (the "Motion") Kinsale's Complaint for Declaratory Judgement ("Complaint").

1

## **INTRODUCTION**

It is premature to dismiss this matter for lack of jurisdiction and the Lexington Defendants' Motion should be denied. Instead, the Court should grant Kinsale leave to pursue limited jurisdictional discovery in response to the Lexington Defendants' Motion. The Lexington Defendants do not claim that diversity jurisdiction is absent, nor do the Lexington Defendants assert it is impossible for Kinsale to prove complete diversity exists. Rather, the Lexington Defendants only claim that, due to the presence of Eastham Capital Fund VI, LP ("Eastham"), a private equity entity in Lex-Laz's complex, multi-layered ownership chain, neither Kinsale nor the Lexington Defendants have yet affirmatively demonstrated complete diversity on account of the non-public citizenship of Eastham's partners. Notably, and as explained further below, Kinsale can demonstrate complete diversity as to the remaining partnerships and LLC's that comprise Lex-Laz's ownership chain.

The Lexington Defendants are seeking dismissal based on an incomplete jurisdictional record, not a record conclusively showing an absence of diversity. The Lexington Defendants ought not be able to defeat jurisdiction outright by hiding behind the citizenship of a limited partnership that is, allegedly, unknown and unknowable. As explained in this Response, Kinsale has a specific, reasonable, and actionable plan to cure the *potential* deficiencies of its pleading. Because Kinsale acted with appropriate diligence based on all publicly available information,

Eleventh Circuit precedent and this factual scenario indicates the appropriate remedy is not dismissal of Kinsale's Complaint, but an order granting limited jurisdictional discovery as to the citizenship of the partners comprising Eastham.

**BACKGROUND**

Kinsale filed this declaratory judgment action on July 6, 2026, seeking, among other things, a declaration that it owes no duty to defend or indemnify Lex-Laz, LPM, or Kelsie Andrews in an underlying state court action. (Dkt 1, p. 2). Kinsale alleged diversity as the basis for federal jurisdiction. (*Id.*, p. 5).

After reviewing the available information, Kinsale determined Lex-Laz to be an LLC with Warner Robins Investors, LP ("WRI") as its sole managing member. (Dkt 1, p. 3). After reviewing the available information, Kinsale determined WRI's partners to be: Eastham, Lexington Warner Robins Partners, LLC ("LWRP"), and Lexington Warner Robins Investors, LLC ("LWRI"). (*Id.*). After reviewing the available information, Kinsale determined the individual partners and/or members of these limited partnerships and LLC's to be: Alan Lazowski, Martin J. Kenny, Mark P. Consoli, Christpher P. Reilly, and Joe Beaudoin, who were thought to be, collectively, citizens of Connecticut, South Carolina, and Florida. (*Id.*). From this, Kinsale concluded that for the purposes of diversity, Lex-Laz is a citizen of Connecticut, South Carolina, and Florida. (*Id.* at p. 4).

3

After reviewing the available information, Kinsale determined LPM's members to be Martin J. Kenny, Christopher P. Reilly, and Mark P. Consoli, who were thought to be, collectively, residents and citizens of Connecticut and South Carolina. (*Id.*). Kinsale thus determined LPM, for the purposes of diversity, is a citizen of Connecticut and South Carolina. (*Id.*).

For the purposes of diversity, Kinsale reported that it is a citizen of Arkansas and Virginia. (Dkt 1, p. 3). Given the foregoing, as the alleged citizenship of the Lexington Defendants (Connecticut, South Carolina, and Florida) was thought to be distinct from the citizenship of Kinsale (Arkansas and Virginia), Kinsale found complete diversity among the parties. (*Id.*, p. 5).[1]

The Lexington Defendants filed a motion to dismiss Kinsale's Complaint on July 20, 2026, alleging that Kinsale failed to adequately plead diversity jurisdiction. (*See generally,* Dkt 12). Notably, the Lexington Defendants did *not* state that complete diversity did not exist or could not be proven to exist. (*Id.*). The Lexington Defendants, rather, argued that Kinsale's Complaint ought to be dismissed because Lex-Laz's citizenship is not sufficiently alleged as "no party possesses the information necessary to determine the citizenship of Eastham Capital Fund VI, LP,

---

[1] As only Lex-Laz of the Lexington Defendants is challenging diversity, only Lex-Laz's citizenship is discussed in detail. However, Kinsale found that the two remaining defendants (Ms. Jackson and Ms. Andrews) both are citizens of Georgia, and that, therefore, they did not destroy diversity. (Dkt 1, at p. 3, 4).

4

one of the entities in Lex-Laz's ownership chain." (*Id.*, p. 4). The Lexington Defendants attached the Declaration of Kevin Hoagland (the "Declaration") to their Motion. (Dkt 12, Ex. A).

The Declaration provides additional information as to Lex-Laz's and LPM's ownership structures, of which Kinsale was previously unaware. This new information does *not* provide evidence that diversity is lacking. (Dkt 12, Ex. A). To summarize, the pertinent facts of the Declaration are: Lex-Lax's sole managing member is WRI; WRI is comprised of three partners: (1) LWRP, (2) LWRI, and (3) Eastham; LWRP is comprised of five members who collectively are citizens of Massachusetts, South Carolina, and Connecticut; LWRI is comprised of eleven members who are collectively citizens of Connecticut, South Carolina, Massachusetts, Florida, Maryland, and New Hampshire; and the citizenship of Eastham's partners is unknown and currently unavailable to both Kinsale and the Lexington Defendants.[2] (*Id.* at p. 2-4).

Thus, based on the information known to both Kinsale and the Lexington Defendants, there is no evidence that complete diversity is lacking among the parties—Kinsale is a citizen of Arkansas and Virginia, while from what is known,

---

[2] With the information provided in the Declaration, Kinsale can trace the membership of these sixteen members and partners individually but, as this was done in the Declaration itself, Kinsale forewent individual tracing here. That said, Kinsale is happy to reproduce that tracing if it would aid the Court. (Dkt. 12, Ex. A).

Lex-Laz is a citizen of Massachusetts, South Carolina, Connecticut, Florida, Maryland, and New Hampshire.

The Lexington Defendants further note that LPM's citizenship was misreported, as LPM is not a citizen of Connecticut and South Carolina but is a citizen of Connecticut and *Florida*. (*Id.*, p. 2). However, the substitution of Florida for South Carolina does not destroy diversity jurisdiction.

Given this background, the only remaining question regarding diversity jurisdiction is the citizenship of the Eastham partners.

## ARGUMENT AND CITATION OF AUTHORITY

While certain questions may remain regarding the ultimate citizenship of Lex-Laz, the Lexington Defendants have not opined that diversity jurisdiction is unable to be proven. Indeed, with the information provided in the Declaration, the only information needed to conclusively establish complete diversity is the citizenship of the Eastham partners. Kinsale respectfully posits that dismissal is not appropriate for this type of situation and, rather, asks that the Court grant Kinsale leave to conduct limited jurisdictional discovery as to the citizenship of the Eastham partners.

I.    *Jurisdictional discovery should be granted when the requesting party can (1) identify what information is sought and (2) demonstrate how it will bolster the requesting party's jurisdictional allegations; Kinsale can make the required identification and demonstration.*

"The United States Court of Appeals for the Eleventh Circuit long has recognized a qualified right to jurisdictional discovery." *Siez v. Quirk*, 4:12-CV-272-

HLM, 2013 WL 12290850, at *1 (N.D. Ga. Jan. 3, 2013). Indeed, Eleventh Circuit precedent "suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsman Creative, Ltd.,* 579 F. App'x 779, 790 (11th Cir. 2014).

Furthermore, as this Court has held previously, "[j]urisdictional discovery is appropriate where the existing record is 'inadequate' to support [jurisdiction] and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005)). Put differently, "a party seeking jurisdictional discovery must specify [1] what information is sought and [2] how it will bolster its jurisdictional allegations." *Jacobs Eye, LLC v. Data Union, Inc.*, 1:19-CV-01845-ELR, 2019 WL 8438492, at *4 (N.D. Ga. Sept. 19, 2019) (alterations added); *see also Callaway v. Uber Techs. (GA), Inc.*, 1:21-CV-04930-SDG, 2022 WL 4587850, at *3 (N.D. Ga. Sept. 29, 2022) (finding "good cause to allow the parties limited jurisdictional discovery" as the "identity and citizenship of John Doe" was ascertainable and had the "potential to destroy subject matter jurisdiction").[3]

---

[3] Courts in other circuits addressing quandaries similar to Kinsale's take a similar tact. *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 3:12-CV-4746-L, 2013 WL 3328694, at *1, *4 (N.D. Tex. July 2, 2013) (granting defendant's request for limited jurisdictional discovery where defendant was unable to determine the identity and citizenship of limited partners because such information was not

As laid out by the Lexington Defendants' Motion, the *only* information preventing a finding of complete diversity is, *potentially*, the citizenship of the Eastham partners. (Dkt 12, p. 6). The Lexington Defendants' Motion admits that LPM's citizenship does not destroy diversity, as the Motion does not challenge Kinsale's status as a citizen of Arkansas and Virginia and reports that LPM is a citizen of Connecticut and Florida. (Dkt 12, p. 2). Nor, for that matter, do the Lexington Defendants assert diversity is destroyed by the members of LWRP or LWRI. (*Id.*). The Lexington Defendants' sole argument that diversity is lacking is that Eastham is within Lex-Laz's chain of ownership and "one of Eastham Capital Fund VI, LP's general or limited partners *could be* a citizen of Virginia or Arkansas, which *would* destroy complete diversity." (*Id.*). (emphases added). To state the obvious, this is distinct from an argument that diversity *cannot* be proven.[4]

---

publicly available and plaintiff's counsel did not provide it); *but see NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006) (explaining jurisdictional discovery should not be undertaken when the requested discovery will not "shed light on or resolve the issues pertaining to diversity of citizenship"). As explained in this Response, Kinsale's requested discovery will conclusively resolve the issues pertaining to diversity of citizenship.

[4] Some courts in the Eleventh Circuit, even when there is *competing* evidence as to the viability of diversity jurisdiction, permit jurisdictional discovery to resolve the issue. *See A Boat 4 Fun, Inc. v. Dream Catcher Marine, LLC*, 4:18-CV-10136-KMM, 2018 WL 10509576, at *2 (S.D. Fla. Oct. 25, 2018) ("Because the issue of Pearson's citizenship is disputed and dispositive of whether this Court has subject matter jurisdiction to adjudicate this case, the Court finds that jurisdictional discovery is warranted.").

Accordingly, the only hurdle remaining to conclusively establish diversity is the citizenship of the Eastham entity. Kinsale, therefore, requests this Court grant Kinsale leave to conduct limited jurisdictional discovery into the partners of the Eastham entity so that the citizenship of Eastham, and therefore Lex-Laz, can conclusively be determined. This information "will bolster [Kinsale's] jurisdictional allegations" as the citizenship of Eastham's partners will enable Kinsale to conclusively demonstrate the presence or absence of complete diversity amongst the parties to this lawsuit.

To be clear, Kinsale's intended course of action, should leave for limited jurisdictional discovery be granted, is the service of subpoenas upon Eastham under Fed. R. of Civ. P. 45, requesting Eastham affirmatively identify its general and limited partners and their states of residence. Kinsale believes this to be the only way to ensure a response from Eastham. Kinsale would be willing to enter into a confidentiality agreement and/or protective order to ensure the privacy of the limited partners of Eastham.

II.   *Kinsale's position is readily distinguishable from those cases where limited jurisdictional discovery was denied.*

Kinsale acknowledges the existence of case law wherein leave for limited jurisdictional discovery has been, appropriately, denied. However, Kinsale's position is distinguishable from those cases wherein such leave was denied, as the brief canvassing of those cases below demonstrates.

To begin, the Eleventh Circuit affirmed the denial of leave for jurisdictional discovery in *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786 (11th Cir. 2017). The Eleventh Circuit noted that "Wolf's general request for jurisdictional discovery—made over four months after filing his complaint and buried within his response to OCT's motion to dismiss—did not specify what information he sought or how it would bolster his allegations." *Id.* at 793. Kinsale, by contrast, did not wait an unreasonable amount of time to move for jurisdictional discovery—rather, Kinsale so moved in response to the first time it was put on notice by the Lexington Defendants that jurisdiction was being challenged. Neither is Kinsale burying its request for jurisdictional discovery in its response to the Lexington Defendants' Motion. Kinsale's request for jurisdictional discovery is the core of its response to the Motion—a response that specifies what precise information Kinsale is seeking and how that information will bolster Kinsale's allegations.

Leave for jurisdictional discovery was denied in *Jacobs Eye, LLC v. Data Union, Inc.*, 1:19-CV-01845-ELR, 2019 WL 8438492, at * (N.D. Ga. Sept. 19, 2019). The court noted that the plaintiff in *Jacobs Eye* did not "specify what information is s[ought] or how it w[ould] bolster its jurisdictional allegations." Kinsale, in contrast, has specified both the information sought, the citizenship status of Eastham's general and limited partners, and demonstrated how that information

10

would aid Kinsale's jurisdictional allegations, as the same is the only remaining potential obstacle to conclusively establish diversity jurisdiction.

Leave for jurisdictional discovery was denied in *Diverse Staffing Servs., Inc. v. Consultative Sales Professional, LLC*, CV 421-028, 2022 WL 1271726 (S.D. Ga. Apr. 28, 2022). The court in *Diverse Staffing* explained leave was denied as "instead of affirmatively moving for jurisdictional discovery and explaining its proposed discovery tactics, Plaintiff merely indicated its willingness to participate in discovery as an alternative to dismissal[.]" *Id.* at *4. Unlike the *Diverse Staffing* plaintiff, Kinsale has affirmatively requested leave for jurisdictional discovery, explained how it would pursue that discovery, and has not presented its discovery request as a minor, sub-argument in a broader response to the Lexington Defendants' Motion.

Leave for jurisdictional discovery was denied in *Diulus v. Am Express Travel Related Servs. Co., Inc.*, 1:19-CV-1551-MHC, 2019 WL 10960607 (N.D. Ga. June 26, 2019), *aff'd*, 823, Fed. Appx. 843 (11th Cir. 2020). As noted by the court, plaintiffs in *Diulus* "failed to seek discovery or defer a ruling pending jurisdictional discovery during the [over two months] that ha[d] elapsed since [defendants filed their] motion to dismiss," and neither did Plaintiffs "articulate how the discovery would support their theory of jurisdiction." *Id.* at *9. As opposed to the plaintiffs in *Diulus*, Kinsale has promptly moved to jurisdictional discovery in response to the

11

Lexington Defendants' Motion and has articulated how discovery would support Kinsale's theory of jurisdiction.

Last, leave for jurisdictional discovery was denied in *Reyes v. ADR Servs. Inc.*, 4:20-CV-21, 2021 WL 77463 (S.D. Ga. Jan. 7, 2021). The court explained this denial was premised due to plaintiff's "unduly delay [in] seeking leave to initiate discovery" and, when presented, "presented it only as an alternative to denying [defendant's] Motion to Dismiss." *Id.* at *5. Again, Kinsale did not unduly delay in seeking leave for discovery, nor has Kinsale presented its discovery request as an alternative form of relief.

Kinsale's current position and request for limited jurisdictional discovery is readily distinguishable from those cases wherein jurisdictional discovery was denied.

    III.    *The cases cited by the Lexington Defendants to justify dismissal are largely supportive of Kinsale's request for leave to conduct jurisdictional discovery.*

In characterizing Kinsale's Complaint as deficient, the Lexington Defendants cite *Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC*, 1:16-CV-01375-ELR, 2018 WL 8949294 (N.D. Ga. Aug. 27, 2018), for the proposition that "alleging an LLC's members 'upon information and belief' [is] 'insufficient to establish [the defendant's] citizenship, and thus, insufficient to establish diversity.'" (Dkt 12, p. 5). What the Lexington Defendants omit, is that the court in *Endurance*

12

did not dismiss the plaintiff's complaint, but rather "ORDER[ED] Plaintiff to file a notice indicating the citizenship of each of the members of the LLC Defendant[.]" *Endurance*, 2018 WL 8949294 at *2.[5] *Endurance* thus illustrates that, contrary to the Lexington Defendants' Motion, the appropriate remedy would be Kinsale affirmatively indicating the citizenship of each partner of Eastham, which Kinsale is attempting to facilitate through its seeking leave for jurisdictional discovery of the citizenship of Eastham's partners.

The Lexington Defendants make the same general assertion in citing *Great Am. Assurance Co. v. Stover*, No. 1:20-CV-2635-MHC, 2020 WL 8093342, at *1 (N.D. Ga. June 24, 2020) as they do in citing *Endurance*. (Dkt 12, p. 5). Again, as in *Stover,* the remedy was not dismissal, but an "ORDER[] that Plaintiff SHOW CAUSE within fourteen (14) days of the date of this Order why this case should not be dismissed for lack of subject matter jurisdiction." *Stover*, 2020 WL 8093342, at *2. As the Lexington Defendants stated in the Motion, neither Kinsale nor the Lexington Defendants are capable of knowing the citizenship of Eastham as the citizenship of Eastham's partners is non-public information. (Dkt. 12, p. 3).

---

[5] While not directly relevant to the instance case, the court in *Endurance* was also concerned that the plaintiff made inconsistent allegations as to the business structure of the defendant, making contradictory allegations that at times characterized the defendant as a corporation, and at other times as an LLC. *See Endurance,* 2018 WL 8949294, at * 1. Kinsale has not committed this error.

13

Accordingly, Kinsale is requesting the aid of the Court in pursuing limited jurisdictional discovery as to Eastham's citizenship.

The Lexington Defendants also cite *Travaglio v. Am Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013), for the proposition that as "the Complaint does not allege the full citizenship of Lex-Laz, and Lex-Laz's full citizenship is not known by any party, [] the Court is 'constitutionally obligated to dismiss the action.'" (Dkt. 12, p. 7). However, that is not precisely what *Travaglio* stands for.

More completely, *Travaglio* states "when federal jurisdiction is invoked based upon diversity, [the allegations] must include citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. Continuing, the court noted that "[w]ithout such allegations, district courts are constitutionally obligated to dismiss the action altogether *if the plaintiff does not cure the deficiency*." *Id.* (emphasis added). The court concluded by finding that "the only statement in the record that arguably could be read to demonstrate Travaglio's citizenship is an unsworn statement" and that "because that statement [was] not evidence, we cannot rely solely upon it to decide that subject matter jurisdiction exists." *Id.* at 1270. Thus, what *Travaglio* stands for is that deficiencies in pleading diversity jurisdiction, while curable, cannot be cured by self-serving, unsworn statements.

Here, Kinsale has set forth a plan in line with Eleventh Circuit precedent for curing any pleading deficiencies. Kinsale has timely moved for limited jurisdictional discovery as to the citizenship of the only remaining unknown elements of Lex-Laz's complex and multi-layered ownership structure. Kinsale has explained how it will pursue that discovery and why that discovery will bolster its jurisdictional allegations. If granted, the information obtained in that limited jurisdictional discovery would not be self-serving, unsworn statements, but evidence from which a conclusive determination as to diversity of citizenship can be gleaned. After such information is obtained, Kinsale will move to amend its Complaint to more completely reflect the parties' citizenship and to conclusively establish jurisdiction.

## **CONCLUSION**

Kinsale respectfully requests the Court deny the Lexington Defendants' Motion and grant Kinsale leave to pursue limited jurisdictional discovery as to the citizenship of the Eastham partners. Kinsale has promptly and timely moved for such discovery, clearly articulated the information sought, how Kinsale plans to pursue that information, and why that information will conclusively resolve any potential jurisdictional issues.

Respectfully submitted, this 3rd day of August, 2026.

[Signature on following page]

15

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
tkadar@fieldshowell.com

/s/ Taryn M. Kadar
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Taryn M. Kadar
Georgia Bar No.:  708106

*Counsel for Plaintiff Kinsale Insurance Company*

16

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KINSALE INSURANCE COMPANY,

                Plaintiff,

v.

LEX-LAZ WARNER ROBINS LLC,
LEXINGTON PROPERTY
MANAGEMENT LLC,
KELSIE ANDREWS, and
SAMANTHA JACKSON, individually
and as natural guardian of AMARIO
JACKSON,

                Defendants.

Civil Action No.: 1:26-cv-3152-TWT

Underlying Lawsuit Case No:
25-C-10116-S4

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection (Times New Roman, 14-point) that is approved by the court as indicated in Local Rules 5.1(C) and 7.1(D).

Respectfully submitted, this 3rd day of August, 2026.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
tkadar@fieldshowell.com

*/s/ Taryn M. Kadar*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Taryn M. Kadar
Georgia Bar No.:  708106

*Counsel for Plaintiff Kinsale Insurance
Company*

17

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.: 1:26-cv-3152-TWT |
| v. | |
| LEX-LAZ WARNER ROBINS LLC, LEXINGTON PROPERTY MANAGEMENT LLC, KELSIE ANDREWS, and SAMANTHA JACKSON, individually and as natural guardian of AMARIO JACKSON, | Underlying Lawsuit Case No: 25-C-10116-S4 |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of Kinsale's **KINSALE INSURANCE COMPANY'S RESPONSE TO LEX-LAZ WARNER ROBINS LLC'S AND LEXINGTON PROPERTY MANAGEMENT LLC'S MOTION TO DISMISS AND REQUEST FOR LEAVE TO PURSUE LIMITED JURISDICTIONAL DISCOVERY** on all parties via the Court's CM/ECF system and via email.

Respectfully submitted, this 3rd day of August, 2026.

[Signature on following page]

18

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
pfields@fieldshowell.com
tkadar@fieldshowell.com

*/s/ Taryn M. Kadar*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Taryn M. Kadar
Georgia Bar No.:  708106

*Counsel for Plaintiff Kinsale Insurance Company*