**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v.

LEX-LAZ WARNER ROBINS LLC, LEXINGTON PROPERTY MANAGEMENT LLC, KELSIE ANDREWS, and SAMANTHA JACKSON, individually and as natural guardian of AMARIO JACKSON,

Defendants.

Civil Action No. 1:26-cv-3152-TWT

**DEFENDANTS LEX-LAZ WARNER ROBINS LLC AND LEXINGTON PROPERTY MANAGEMENT LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Cameron B. Roberts
Georgia Bar No. 599839
Annie M. Boring
Georgia Bar No. 209732
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
croberts@caplancobb.com
aboring@caplancobb.com

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*

Defendants Lex-Laz Warner Robins LLC ("Lex-Laz") and Lexington Property Management LLC ("LPM" and, together with Lex-Laz, the "Lexington Defendants") file this reply brief in support of their Motion to Dismiss, dkt. 12.

## INTRODUCTION

Federal courts are courts of limited jurisdiction. A plaintiff seeking to invoke that limited jurisdiction must adequately allege that jurisdiction exists. And when the only basis for jurisdiction is diversity of the parties, the plaintiff must allege each party's citizenship, showing that all plaintiffs are citizens of different states than all defendants. If a plaintiff cannot meet this burden, the remedy is not to undertake costly and burdensome nonparty discovery, just so the plaintiff can figure out whether diversity jurisdiction exists. Instead, the plaintiff should file suit in a state court where there is jurisdiction.

Kinsale wants to turn this basic principle of federal jurisdiction on its head. Conceding that its allegations are deficient, Kinsale requests that the Court order jurisdictional discovery. It contends that because Defendants have not disproven diversity, such discovery is appropriate. But this argument inverts the burden: as the plaintiff, Kinsale must adequately allege that the parties are diverse; Defendants need not prove the opposite. If Kinsale cannot allege facts showing complete diversity, it should file in state court, not engage in a fishing expedition in federal court. Under binding Circuit authority, jurisdictional discovery is not

warranted where, as here, a plaintiff has not facially alleged a *prima facie* case of subject-matter jurisdiction.

Kinsale's request is especially unwarranted in a case like this one, where the information necessary to establish whether diversity jurisdiction exists is not in the parties' possession. Rather, it would require taking discovery from many nonparties just to determine whether this case should even proceed in this Court in the first place. There is no reason to subject nonparties to that discovery. Jurisdictional discovery would be a waste of resources and is not permitted under Eleventh Circuit precedent. The Court should deny Kinsale's improper request and grant the Lexington Defendants' Motion to Dismiss.

## ARGUMENT AND CITATION TO AUTHORITIES

### I. Jurisdictional discovery is not warranted because the Complaint does not facially allege subject-matter jurisdiction.

Having elected to sue in federal court, Kinsale must establish subject-matter jurisdiction. *King v. Cessna Aircraft Co*., 505 F.3d 1160, 1171 (11th Cir. 2007). But the Complaint does not facially allege subject-matter jurisdiction because it does not trace the citizenship of each LLC and limited partner within Lex-Laz's ownership chain. Dkt. 12 at 5 (citing *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, 100 F.4th 1340, 1344 (11th Cir. 2024)). And it alleges citizenship upon

information and belief, which is insufficient to establish diversity jurisdiction. *Id*. at 6–7 (collecting cases).

Kinsale now concedes that the Complaint's subject-matter jurisdiction allegations are insufficient as pled. *See* dkt. 13 at 2 (acknowledging the "potential deficiencies of its pleading"). And it admits that it cannot presently cure that deficiency because it does not know the citizenship of Eastham Capital Fund IV, LP's partners. *Id*. at 6. So, to save the defective complaint, Kinsale's Response brief improperly asks the Court to order jurisdictional discovery from nonparties. *Id*. at 6–9. *See Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1312 (11th Cir. 2022) (holding that parties requesting jurisdictional discovery are "required" to "file a distinct and entirely independent motion to take jurisdictional discovery"); *see also* Fed. R. Civ. P. 7(b)(1)(A) ("A request for a court order must be made by motion.").

But jurisdictional discovery is not appropriate when the complaint does not facially allege subject-matter jurisdiction. For example, in *McElmurray v. Consolidated Government of Augusta-Richmond County*, the court held that the complaint failed to establish subject-matter jurisdiction on its face and that discovery, therefore, "was not necessary." 501 F.3d 1244, 1251 (11th Cir. 2007). *Butler v. Sukhoi Co.* is similar: the court held that "the district court abused its discretion in allowing the case to proceed and granting discovery on the

jurisdictional issue" when "the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction." 579 F.3d 1307, 1314 (11th Cir. 2009).

*Lowery v. Alabama Power Co.* makes the point even more directly. 483 F.3d 1184, 1216 (11th Cir. 2007). *Lowery* explained that, if a defendant moves to dismiss because a "material element required for . . . the court's subject matter jurisdiction is missing from the complaint," a court should dismiss without allowing discovery:

> In our hypothetical diversity case, should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. *In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors*, even though the court would have the inherent power to do so. In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere.

*Id*. at 1216 (emphasis added). *See also Epstein Becker & Green, P.C. v. Scantech Holdings, LLC*, No. 1:17-cv-01080-WSD, 2017 WL 1488350, at *1 (N.D. Ga. Apr. 26, 2017) (denying request for jurisdictional discovery where complaint was

facially deficient) ("The Court is not inclined to permit Plaintiff to engage in jurisdictional discovery on the mere hunch that diversity exists[.]").[1]

Kinsale has—by its own admission—not adequately pled diversity jurisdiction. *See supra* at 2–3. Under *Lowery*, *McElmurray*, and *Butler*, Kinsale cannot use jurisdictional discovery to obtain the facts it had to allege at the outset. Kinsale's hunch that diversity jurisdiction *may* exist is not enough.

## II. Kinsale cites no authority permitting jurisdictional discovery under these circumstances.

In requesting jurisdictional discovery, Kinsale ignores the governing legal authority and misunderstands the parties' respective burdens. Kinsale repeatedly emphasizes that the Lexington Defendants have not affirmatively disproven diversity. *See, e.g*., dkt. 13 at 2, 8. But that inverts the burden: it is Kinsale's burden to establish complete diversity, not Defendants' burden to affirmatively disprove it. *Lowery*, 483 F.3d at 1215–16 (explaining that "discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with [the plaintiff's pleading obligations under] Federal Rules of Civil Procedure 8(a) and

---

[1] *See also In re Zantac (Ranitidine) Prods. Liab. Litig.,* 706 F. Supp. 3d 1363, 1366 (S.D. Fla. 2020) (denying request for jurisdictional discovery where allegations were facially insufficient); *Texas Ins. Co. v. Mims*, *et al*., 1:25-CV-3736-ELR, dkt. 39 at 8–9 (N.D. Ga. Oct. 27, 2025) (denying request for jurisdictional discovery where allegations were insufficient to establish diversity and there was no fact dispute to resolve).

11"). Kinsale cannot invoke federal jurisdiction without adequately alleging the facts necessary to support it and then use discovery to fill the gaps.[2]

Kinsale's cited authorities do not support a different result. Indeed, several of the cases it invokes in support of jurisdictional discovery actually *denied* it. *See RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 791 (11th Cir. 2014); *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013); *Jacobs Eye, LLC v. Data Union, Inc.*, No. 1:19-CV-01845-ELR, 2019 WL 8438492, at *4 (N.D. Ga. Sept. 19, 2019).

Other cases Kinsale cites concern *personal jurisdiction* and contemplate discovery to resolve *disputed facts* about a defendant's forum contacts. *See Seiz v. Quirk*, No. 4:12-CV-272-HLM, 2013 WL 12290850, at *2 (N.D. Ga. Jan. 3, 2013); *RMS Titanic*, 579 F. App'x at 791. Here, there is no factual dispute: Kinsale simply does not know the citizenship of Eastham Capital Fund IV, LP's partners. It thus seeks discovery not to resolve disputed jurisdictional facts, but to discover whether

[2] Jurisdictional discovery can be appropriate when a plaintiff alleges sufficient facts supporting diversity of citizenship and the defendants dispute the accuracy of those allegations. *See, e.g.*, *SFR Servs., LLC v. Heritage Prop. & Cas. Ins. Co.*, No. 2:22-CV-573-SPC-KCD, 2022 WL 16855966, at *2 (M.D. Fla. Nov. 10, 2022) (ordering jurisdictional discovery where plaintiff alleged and presented evidence that it was a citizen of Puerto Rico and defendant submitted evidence that plaintiff was a citizen of Florida). That scenario would involve a fact dispute, the resolution of which might require jurisdictional discovery. But that is not the situation here, where the Complaint does not sufficiently plead complete diversity and there is no disputed citizenship fact that requires resolution through discovery.

subject-matter jurisdiction exists at all. *Lowery* prohibits this type of "fishing expedition[]," which "would clog the federal judicial machinery [and] frustrat[e] the limited nature of federal jurisdiction." 483 F.3d at 1217.

The remaining cases Kinsale cites are similarly distinguishable. In *Callaway v. Uber Technologies (GA), Inc.*, complete diversity existed among the named parties because the defendant driver remained a fictitious "John Doe." No. 1:21-CV-04930-SDG, 2022 WL 4587850, at *3 (N.D. Ga. Sept. 29, 2022). Because the parties anticipated substituting the already-identified driver—whom they understood to be a Florida citizen—the court *sua sponte* directed limited discovery to confirm his citizenship before he was added to the case. *Id*. Here, by contrast, Kinsale has not adequately alleged complete diversity among the existing parties, and it seeks discovery from multiple unidentified nonparties, whose names—much less their citizenship—it does not know. In other words, *Callaway* involved the court's request to confirm the citizenship of a known prospective individual party, not the plaintiff's use of discovery to identify unknown nonparties and determine whether subject-matter jurisdiction existed when the action was filed.

And in *A Boat 4 Fun, Inc. v. Dream Catcher Marine, LLC*, the parties presented competing evidence as to the citizenship of the LLC's sole member, and the court permitted discovery to resolve that dispositive factual dispute. No. 4:18-

CV-10136-KMM, 2018 WL 10509576, at *2 (S.D. Fla. Oct. 25, 2018). No comparable fact dispute exists here.

In the end, Kinsale identifies no authority permitting a plaintiff to invoke diversity jurisdiction without supporting facts and then use jurisdictional discovery to meet its pleading burden. Its cited cases either deny jurisdictional discovery or permit it to resolve a concrete fact dispute—not to supply the jurisdictional facts missing from the complaint.

Nor do the cases cited by the Lexington Defendants in their Motion support jurisdictional discovery, as Kinsale argues. Dkt. 13 at 12–14. None of those cases involved a grant of jurisdictional discovery. Kinsale emphasizes that, in two cases, the courts allowed the plaintiff to cure pleading deficiencies where certain jurisdictional allegations were made upon information and belief. *See Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC*, No. 1:16-CV-01375-ELR, 2018 WL 8949294 (N.D. Ga. Aug. 27, 2018); *Great Am. Assurance Co. v. Stover*, No. 1:20-CV-2635-MHC, 2020 WL 8093342, at *1 (N.D. Ga. June 24, 2020). But in those cases, the plaintiffs could cure the pleading deficiencies without discovery. Here, Kinsale admits that it cannot because it does not know the citizenship of Eastham Capital Fund IV, LP and therefore could not plead Lex-

Laz's citizenship, even if the Court allowed it to try again. Those cases therefore do not support Kinsale's request for jurisdictional discovery.[3]

## III. Jurisdictional discovery would be especially inefficient here because it would have to come from parties.

As the Lexington Defendants have explained, Eastham Capital Fund IV, LP is not controlled by the Lexington Defendants. *See* dkt. 12 at 3, 6 (citing dkt. 12-1, Hoagland Decl. ¶ 14). Although the Lexington Defendants believe that the general partner of Eastham Capital Fund IV, LP is Eastham Capital IV, LLC, the Lexington Defendants are not aware of all members of that LLC or the identities of the other limited partners of Eastham Capital Fund IV, LP. *Id*. Thus, to determine whether complete diversity exists, Kinsale would have to pursue discovery from an unknown number of nonparties, whose identities are not at this point known—a time consuming, intrusive, and inefficient process. Given that Kinsale has failed to facially allege diversity jurisdiction and identifies no factual basis to believe the parties are diverse, there is no reason to impose those burdens merely to allow Kinsale to investigate whether federal jurisdiction exists.

---

[3] Kinsale expends several pages distinguishing cases where courts denied jurisdictional discovery based on the plaintiff's delay in seeking it or failure to identify the information sought. *See* dkt. 13 at 9–12. But the Lexington Defendants neither rely on those cases nor argue that discovery should be denied on those grounds. Instead, Kinsale's request should be denied because it has failed to facially allege diversity jurisdiction and cannot use jurisdictional discovery as a fishing expedition to uncover facts it had to plead in its complaint. *Lowery*, 483 F.3d at 1216.

Allowing discovery here would also send the wrong message. It would encourage future plaintiffs to file federal cases and seek to establish subject-matter jurisdiction after the fact. That would invite expensive and burdensome jurisdictional discovery time and again. It would also turn jurisdictional discovery into a substitute for the pre-filing investigation and allegations required of the party invoking federal jurisdiction—all in contravention of established law. *See Lowery,* 483 F.3d at 1215–17. Because Kinsale's Complaint is "insufficient as a matter of law to establish a *prima facie* case that the district court ha[s] jurisdiction, . . . granting discovery on the jurisdictional issue" would be an abuse of discretion. *Butler*, 579 F.3d at 1314. Kinsale's improper request should be denied, and the Lexington Defendants' Motion to Dismiss should be granted.

## CONCLUSION

For the reasons above, the Court should dismiss this action for lack of subject-matter jurisdiction under Rule 12(b)(1).

Respectfully submitted this 17th day of August, 2026.

*/s/ Cameron B. Roberts*
Cameron B. Roberts
Georgia Bar No. 599839
Annie M. Boring
Georgia Bar No. 209732
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

croberts@caplancobb.com
aboring@caplancobb.com

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*

## LOCAL RULE 7.1(D) CERTIFICATE

The undersigned hereby certifies that the foregoing document has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1(C).

This 17th day of August, 2026.

*/s/ Cameron B. Roberts*
Cameron B. Roberts
Georgia Bar No. 599839

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 17th day of August, 2026.

*/s/ Cameron B. Roberts*
Cameron B. Roberts
Georgia Bar No. 599839

*Counsel for Defendants Lex-Laz Warner Robins LLC and Lexington Property Management LLC*